IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| RAYFORD GLEN ROBERSON, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 4:20-CV-461-A |
| | § | |
| DIRECTOR, TDCJ-CID, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM OPINION**
**and**
**ORDER**

Before the court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Rayford Glen Roberson, a state parolee, against the director of the Correctional Institutions Division of the Texas Department of Criminal Justice, respondent. After having considered the pleadings of the parties, the court has concluded that the petition should be dismissed as time barred.

**I. Factual and Procedural History**

In February 2017 a jury in Tarrant County, Texas, Case No. 1413326D, found petitioner guilty of criminal mischief and assessed his punishment at ten years' confinement and a $10,000 fine. (Clerk's R. 110, doc. 15-3.) Petitioner's conviction was affirmed on appeal and, on July 25, 2018, the Texas Court of Criminal Appeals refused his petition for discretionary review. (Docket Sheet 2, doc. 15-3.) Petitioner also sought post-conviction state habeas-corpus relief by filing two state habeas-

corpus applications challenging his conviction. The first, filed on January 9, 2019, was denied by the Texas Court of Criminal Appeals on May 8, 2019, without written order on the findings of the trial court.[1] (SHR02[2] 28, doc. 15-24 & Action Taken, doc. 15-23.) The second, filed on August 19, 2019, after petitioner's release on parole, was dismissed as a subsequent application on October 2, 2019. (SHR03 12, doc. 15-27 & Action Taken, doc. 15-26.) Petitioner filed this federal habeas-corpus petition challenging his conviction on May 11, 2020. (Pet.[3] 1, doc. 1.) In the petition, Petitioner raises five grounds for habeas relief. (Id. at 6-8.) Respondent contends that the petition is untimely under the federal one-year statute of limitations. (Resp't's Answer 1, 7-13, doc. 13.)

## II. Statute of Limitations

Title 28, United States Code, § 2244(d) imposes a one-year statute of limitations on federal petitions for writs of habeas corpus filed by state prisoners. Section 2244(d) provides:

(1) A 1-year period of limitations shall apply to

---

[1] A prisoner's pro se state habeas application is deemed filed when placed in the prison mailing system. *Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013). Petitioner's first application filed while he was still incarcerated does not provide the date he placed the document in TDCJ's mailing system, however the "Inmate's Declaration" was signed by petitioner on January 9, 2019. For purposes of this opinion, petitioner's the application is deemed filed on that date.

[2] "SHR02" and "SHR03" refer to the state court record of petitioner's state habeas proceedings in WR-86,338-02 and WR-86,338-03, respectively.

[3] Because an extra page is inserted into the form petition, the pagination in the ECF header is used.

2

an petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of—

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an petition created by State action in violation of the Constitution or laws of the United States is removed, if the petitioner was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed petition for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

With limited exceptions not applicable here, under subsection (A), the limitations period began to run on the date on which the judgment of conviction became final by the expiration of the time for seeking direct review. For purposes of this provision, petitioner's judgment of conviction became final upon expiration of the time that he had for filing a petition for writ of certiorari in the United States Supreme Court on October

3

23, 2018. *See Jimenez v. Quarterman,* 555 U.S. 113, 119-20 (2009); Sup. Ct. R. 13. Thus, the limitations period commenced the next day and expired one year later on October 23, 2019, absent any tolling.

Tolling of the limitations period may be appropriate under the statutory tolling provision in § 2244(d)(2) and/or as a matter of equity. Under the statutory provision, petitioner's first state habeas application, pending from January 9, 2019, through May 8, 2019, and the second, pending from August 19, 2019, through October 2, 2019, operated to toll the limitations period for a total of 165 days, making his federal petition due on or before Monday, April 6, 2020.[4] Therefore, petitioner's federal petition filed on May 11, 2020, is untimely unless he is entitled to equitable tolling.

To justify equitable tolling, a petitioner must show (1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstance stood in his way and prevented him from filing a timely petition or he can make a "convincing showing" that he is actually innocent of the crime for which he was convicted. *McQuiggin v. Perkins,* 569 U.S. 383, 386 (2013); *Holland v. Florida,* 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo,* 544 U.S. 408 (2005)). A petitioner attempting to overcome the expiration of the statute of limitations by showing

---

[4]April 5, 2020, was a Sunday. *See* Fed. R. Civ. P. 6(a)(1)(C).

4

actual innocence is required to produce "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence"—sufficient to persuade the district court that "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *McQuiggin,* 569 U.S. at 386 (quoting *Schlup v. Delo,* 513 U.S. 298, 329 (1995)). The petitioner bears the burden to establish that equitable tolling is justified. *Holland,* 560 U.S. 649. Petitioner makes no such showing. He provides no explanation for his delay in filing his federal petition nor does he offer any new, reliable proof of his innocence. Rather, he contends that he is actually innocent because of a "fatal variance" between the complaint or indictment and the proof at trial. (Pet'r's Reply 2-4, doc. 16.) However, this claim was or could have been known to petitioner at the time of his conviction.

Accordingly, petitioner's federal petition was due on or before April 6, 2020. His petition filed on May 11, 2020, is therefore untimely.

For the reasons discussed, it is ORDERED that petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, DISMISSED as time-barred. Petitioner has not made a showing that reasonable jurists would question this

5

court's procedural ruling. Therefore, it is further ORDERED that a certificate of appealability be, and is hereby, denied.

SIGNED November **18**, 2020.

/s/ John McBryde
JOHN MCBRYDE
UNITED STATES DISTRICT JUDGE