IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

RAYFORD GLEN ROBERSON,           §
                                 §
          Petitioner,            §
                                 §
VS.                              §    NO. 4:20-CV-461-A
                                 §
BOBBY LUMPKIN, DIRECTOR,         §
                                 §
          Respondent.            §

MEMORANDUM OPINION AND ORDER

Came on for consideration the petition of Rayford Glen
Roberson, petitioner, for writ of habeas corpus under 28 U.S.C.
§ 2254. The court, having considered the petition, the response
of respondent, Bobby Lumpkin, Director, Texas Department of
Criminal Justice, Correctional Institutions Division, the reply,
the record, and applicable authorities, finds that the motion is
untimely and that petitioner could not prevail on the merits in
any event.

I.

Background

On February 8, 2017, petitioner was sentenced to a term of
imprisonment of ten years in Case No. 1413326D in the 213th
District Court of Tarrant County, Texas, for criminal mischief
causing pecuniary loss between $1,500 and $20,000. Doc.[1] 15-3 at

---

[1] The "Doc. ___" reference is to the number of the item on the docket in this
action.

110-12.[2] The judgment was affirmed on appeal. Roberson v. State, No. 02-17-00042-CR, 2018 WL 651219 (Tex. App.—Fort Worth Feb. 1, 2018, pet. ref'd). On July 25, 2018, his petition for discretionary review was refused. Doc. 15-1.

On January 9, 2019, petitioner filed his state habeas application. Doc. 15-24 at 12-31. On May 8, 2019, the Court of Criminal Appeals of Texas denied the petition without written order on the findings of the trial court. Doc. 15-23. On August 19, 2019, petitioner filed a second state habeas application. Doc. 15-27 at 12-41. On October 2, 2019, the Court of Criminal Appeals dismissed the petition as successive. Doc. 15-26.

On May 11, 2020, petitioner filed his federal habeas application. Doc. 1. Respondent filed his response, Doc. 13, and petitioner filed a reply. Doc. 16. By memorandum opinion and order and final judgment signed November 18, 2020, the court ordered that the petition be dismissed as untimely. Docs. 17, 18. One year later, petitioner filed a motion for relief from judgment urging that his petition was not untimely. Doc. 20. The court granted that motion and vacated its memorandum opinion and order and final judgment. Doc. 21. The court ordered respondent to file a supplemental answer to address the merits of the

---

[2] The page reference is to "Page ___ of ___" at the top right portion of the document on the court's electronic filing system.

petition. Doc. 22. Respondent has filed his supplemental answer,
Doc. 27, and petitioner has filed his supplemental reply. Doc.
28.

## II.

### Grounds of the Petition

Petitioner asserts five grounds in support of his petition,
worded as follows:

**GROUND ONE:** A BRADY VIOLATION // 14th Amendment Due
Process Violated

**GROUND TWO:** INEFFECTIVE COUNSEL //6TH, 14TH, AMENDMENT
VIOLATION

**GROUND THREE:** ABUSE OF DISCRETION //14TH AMENDMENT
VIOLATION

**GROUND FOUR:** JURISDICTIONAL DEFECT// 14TH AMENDMENT
VIOLATION

**GROUND FIVE:** Due process Violation, (convicted of an
offense neither charged nor presented to jury)

Doc. 1 at 6-8.

## III.

### Applicable Legal Standards

A.   Limitations

A one-year period of limitation applies to a petition for
writ of habeas corpus by a person in custody pursuant to the
judgment of a state court. The period runs from the latest of —

(A) the date on which the judgment became final by the
conclusion of direct review or the expiration of the

3

time for seeking such review;
(B) the date on which the impediment to filing an
application created by State action in violation of
the Constitution or laws of the United States is
removed, if the applicant was prevented from filing by
such State action;
(C) the date on which the constitutional right
asserted was initially recognized by the Supreme
Court, if the right has been newly recognized by the
Supreme Court and made retroactively applicable to
cases on collateral review; or
(D) the date on which the factual predicate of the
claim or claims presented could have been discovered
through the exercise of diligence.

28 U.S.C. § 2244(d)(1). Typically, the time begins to run on the

date the judgment of conviction becomes final. United States v.

Thomas, 203 F.3d 350, 351 (5th Cir. 2000). A criminal judgment

becomes final when the time for seeking direct appeal expires or

when the direct appeals have been exhausted. Griffith v.

Kentucky, 479 U.S. 314, 321 n.6 (1987).

The time during which a properly filed application for

state post-conviction relief is pending does not count toward

the period of limitation. 28 U.S.C. § 2244(d)(2). A state habeas

petition is pending on the day it is filed through the day it is

resolved. Windland v. Quarterman, 578 F.3d 314, 317 (5th Cir.

2009). A subsequent state petition, even though dismissed as

successive, counts to toll the applicable limitations period.

Villegas v. Johnson, 184 F.3d 467, 470 (5th Cir. 1999). And, a

motion for reconsideration of the denial of a state petition

4

also counts to toll limitations. Emerson v. Johnson, 243 F.3d 931, 935 (5th Cir. 2001). A state habeas application filed after limitations has expired does not entitle the petitioner to statutory tolling. Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000).

Equitable tolling is an extraordinary remedy available only where strict application of the statute of limitations would be inequitable. United States v. Patterson, 211 F.3d 927, 930 (5th Cir. 2000). The doctrine is applied restrictively only in rare and exceptional circumstances. In re Wilson, 442 F.3d 872, 875 (5th Cir. 2006). The petitioner bears the burden to show that equitable tolling should apply. Alexander v. Cockrell, 294 F.3d 626, 629 (5th Cir. 2002). To do so, the petitioner must show that he was pursuing his rights diligently and that some extraordinary circumstance stood in his way and prevented the timely filing of his motion. Holland v. Florida, 560 U.S. 631, 649 (2010). The failure to satisfy the statute of limitations must result from factors beyond the petitioner's control; delays of his own making do not meet the test. In re Wilson, 442 F.3d at 875. Equitable tolling applies principally where the petitioner is actively misled by the government or is prevented in some extraordinary way from asserting his rights. Fierro v. Cockrell, 294 F.3d 674, 682 (5th Cir. 2002); Patterson, 211 F.3d

at 930. Neither excusable neglect nor ignorance of the law is sufficient to justify equitable tolling. Id. Lack of legal acumen and unfamiliarity with legal process are not sufficient justification to toll limitations. United States v. Petty, 530 F.3d 361, 366 (5th Cir. 2008); Alexander v. Cockrell, 294 F.3d 626, 629 (5th Cir. 2002).

Finally, the Supreme Court has recognized actual innocence as an equitable exception to the statute of limitations. McQuiggin v. Perkins, 569 U.S. 383, 386 (2013). To meet the actual innocence exception to limitations, the petitioner must show that, in light of new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt. Id. at 386-87; Merryman v. Davis, 781 F. App'x 325, 330 (5th Cir. 2019). "Actual innocence" means factual innocence, not mere legal insufficiency. Bousley v. United States, 523 U.S. 614, 623 (1998). Moreover, such a claim requires the petitioner to support his allegations with new reliable evidence that was not presented at trial. Schlup v. Delo, 513 U.S. 298, 324 (1995). In assessing the claim, the court may consider how the timing of the submission and the likely credibility of petitioner's affiants bear on the probable reliability of the evidence. McQuiggin, 569 U.S. at 399-400.

6

B.   Exhaustion

The exhaustion doctrine requires that the state courts be given the initial opportunity to address alleged deprivations of constitutional rights. Castille v. Peoples, 489 U.S. 346, 349 (1989); Anderson v. Harless, 459 U.S. 4, 6 (1982). The petitioner must present his claims to the highest court of the state, here, the Court of Criminal Appeals of Texas. Richardson v. Procunier, 762 F.2d 429, 431 (5th Cir. 1985). And, all of the grounds raised must be fairly presented to the state courts before being presented in federal court. Picard v. Connor, 404 U.S. 270, 275 (1971). That is, the state courts must have been presented with the same facts and legal theories presented in federal court. The petitioner cannot present one claim in federal court and another in state court. Id. at 275-76. Presenting a "somewhat similar state-law claim" is not enough. Anderson, 459 U.S. at 6; Wilder v. Cockrell, 274 F.3d 255, 260 (5th Cir. 2001).

For the Court to reach the merits of unexhausted claims, the petitioner must demonstrate either (1) cause for the procedural default and actual prejudice, or (2) that he is actually innocent of the offense for which he was convicted. McQuiggin, 569 U.S. at 386; Coleman v. Thompson, 501 U.S. 722, 750 (1991). To establish actual innocence, the petitioner must

7

provide the Court with "new reliable evidence—whether it be
exculpatory scientific evidence, trustworthy eyewitness
accounts, or critical physical evidence—that was not presented
at trial." Schlup, 513 U.S. at 324. In other words, actual
innocence means factual innocence, not merely legal
insufficiency. Bousley, 523 U.S. at 623.

C.   Section 2254

A writ of habeas corpus on behalf of a person in custody
under a state court judgment shall not be granted with respect
to any claim that was adjudicated on the merits in state court
proceedings unless the petitioner shows that the prior
adjudication:

> (1)   resulted in a decision that was contrary to,
> or involved an unreasonable application of, clearly
> established federal law, as determined by the Supreme
> Court of the United States; or
> (2)   resulted in a decision that was based on an
> unreasonable determination of the facts in light of
> the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d). A decision is contrary to clearly
established federal law if the state court arrives at a
conclusion opposite to that reached by the United States Supreme
Court on a question of law or if the state court decides a case
differently than the Supreme Court has on a set of materially
indistinguishable facts. Williams v. Taylor, 529 U.S. 362, 405–

8

06 (2000); see also Hill v. Johnson, 210 F.3d 481, 485 (5th Cir. 2000). A state court decision will be an unreasonable application of clearly established precedent if it correctly identifies the applicable rule but applies it objectively unreasonably to the facts of the case. Williams, 529 U.S. at 407-09; see also Neal v. Puckett, 286 F.3d 230, 236, 244-46 (5th Cir. 2002)(en banc) (focus should be on the ultimate legal conclusion reached by the state court and not on whether that court considered and discussed every angle of the evidence). A determination of a factual issue made by a state court is presumed to be correct. 28 U.S.C. § 2254(e)(1). The presumption of correctness applies to both express and implied factual findings. Young v. Dretke, 356 F.3d 616, 629 (5th Cir. 2004); Valdez v. Cockrell, 274 F.3d 941, 948 n.11 (5th Cir. 2001). Absent express findings, a federal court may imply fact findings consistent with the state court's disposition. Marshall v. Lonberger, 459 U.S. 422, 433 (1983). Thus, when the Texas Court of Criminal Appeals denies relief without written order, such ruling is an adjudication on the merits that is entitled to this presumption. Ex parte Torres, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997). The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); Hill, 210 F.3d at 486.

9

In making its review, the Court is limited to the record that was before the state court. 28 U.S.C. § 2254(d)(2); Cullen v. Pinholster, 563 U.S. 170, 181 (2011).

D.    Ineffective Assistance

To prevail on an ineffective assistance of counsel claim, a defendant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 687 (1984); see also Missouri v. Frye, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Strickland, 466 U.S. at 697; see also United States v. Stewart, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," Harrington v. Richter, 562 U.S. 86, 112 (2011), and a defendant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Cullen, 563 U.S. at 189 (quoting Strickland, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption

10

that his counsel's conduct falls within the wide range of
reasonable professional assistance. Strickland, 466 U.S. at 689.
Simply making conclusory allegations of deficient performance
and prejudice is not sufficient to meet the Strickland test.
Miller v. Johnson, 200 F.3d 274, 282 (5th Cir. 2000).

IV.

Analysis

A.    Whether the Motion Was Timely

Having considered respondent's supplemental answer and
petitioner's supplemental reply, the court is satisfied that the
application in this case is untimely. Limitations is set by
§ 2244(d). As determined previously, the deadline for the filing
of petitioner's federal application was April 6, 2020. Doc. 17
at 5. Petitioner did not file his application until May 11,
2020, over one month too late unless tolling of some kind
applied.

In setting aside the court's original ruling in this case,
the court gave petitioner the benefit of the doubt as to how the
court's Special Order No. 13 was to be interpreted. Upon further
reflection, the court is persuaded that Special Order No. 13 did
not, and could not, apply to the filing deadline set by
§ 2244(d). First, although not a model of clarity, paragraph 3
of Special Order No. 13 applies to grand jury proceedings. The

11

specific findings made to justify the order itself pertained to the ability to gather jurors for proceedings in person. The filing of a habeas petition is not something affected by such in-person proceedings.

Moreover, federal courts do not have jurisdiction to entertain motions to extend the time for filing federal habeas applications prospectively. United States v. Bautista, 548 F. App'x 254 (5th Cir. 2013)(citing United States v. Leon, 203 F.3d 162, 163 (2d Cir. 2000)). They can only consider timeliness after a habeas petition has been filed, because until the petition is filed there is no case or controversy. United States v. McFarland, 125 F. App'x 573, 574 (5th Cir. 2005). The court is not aware of any authority that would authorize it to change the statutory deadline for the filing of a habeas application prospectively, much less in a wholesale fashion.

The Supreme Court has held that tolling of the § 2244(d) deadline is appropriate only where the petitioner shows that he has been pursuing his rights diligently and some extraordinary circumstance stood in his way and prevented timely filing. Holland, 560 U.S. at 649. In this case, petitioner never made any attempt to show the exercise of diligence despite respondent's thorough discussion of the requirements of Holland

in its answer. Doc. 16. He referenced actual innocence,[3] but that has been his claim all along—that he was convicted of the wrong offense. Even in his supplemental reply, petitioner fails to show that he acted with diligence at any time. Doc. 28. As respondent points out, it appears that petitioner was not even aware of Special Order No. 13 until long after his petition was due. Doc. 27 at 13-14. Again, he has no response. Doc. 28. In particular, petitioner does not contend that he was misled in any respect or prevented from timely filing his petition. The petition is untimely and must be dismissed.

B.   Exhaustion

The record reflects that petitioner failed to exhaust any ground but his third ground in state court. He did not raise his first, second, fourth, or fifth grounds in his first state habeas petition. Doc. 15-24 at 17-20 (raising only the court's denial of his motion to substitute counsel and petitioner's having to defend himself). His second state habeas petition included numerous additional grounds, Doc. 15-27 at 17-30, but it was dismissed as a subsequent application. Doc. 15-26. And, although he raised ineffective assistance on direct appeal, he did not pursue that ground in his petition for discretionary

---

[3] The separate "actual innocence" gateway is not applicable as petitioner does not allege and "new reliable evidence" to support his claims. Schlup v. Delo, 513 U.S. 298, 324 (1995).

review. Doc. 15-17. Thus, it was not exhausted.

Texas requires state habeas petitioners to present all of their claims in their first petition. Muniz v. Johnson, 132 F.3d 214, 221 (5th Cir. 1998). A court may not consider a subsequent writ unless the petitioner shows with sufficient specific facts that (1) the current claims could not have been raised previously because the factual or legal basis for the claims was unavailable when the original petition was filed or (2) by a preponderance of the evidence, no rational juror could have found the petitioner guilty beyond a reasonable doubt but for a violation of the Constitution. Tex. Code Crim. P. art. 11.07, § 4(a). Texas strictly applies its abuse of the writ rule. Fearance v. Scott, 56 F.3d 633, 642 (5th Cir. 1995). And, because the Court of Criminal Appeals dismissed the second state application as an abuse of the writ, this court may not grant relief on the unexhausted claims unless petitioner can show cause for the default and actual prejudice. Coleman, 501 U.S. at 750; Hughes v. Johnson, 191 F.3d 607, 614 (5th Cir. 1999). Alternatively, he must show that he is actually innocent of the crime. Sawyer v. Whitley, 505 U.S. 333, 339-40 (1992). He has done neither. Simply parroting the standard does not meet the test.

C.   Merits

Even if the petition was timely filed, and it was not, and even if petitioner exhausted all of his grounds, and he did not, he still could not prevail. Briefly, the reasons are as follows:

Under his first ground, petitioner argues that the State violated Brady v. Maryland, 373 U.S. 83 (1963), by withholding evidence of a different offense, theft. Doc. 1 at 6. He seems to contend that somehow this enhanced the pecuniary loss amount and allowed the State to misrepresent the manner and means of the offense. Id. The argument makes no sense. To establish a Brady violation, petitioner must show: (1) the evidence at issue was favorable to him; (2) the evidence was suppressed by the prosecution; and (3) the evidence was material. United States v. Cessa, 861 F.3d 121, 128 (5th Cir. 2017). Evidence is "material" only if there is a reasonable probability that, had it been disclosed, the result of the proceeding would have been different. United States v. Bagley, 473 U.S. 677, 682 (1985); Cessa, 861 F.3d at 128. A mere possibility of helping the defense is insufficient. United States v. Agurs, 427 U.S. 97, 109-10 (1976); Rector v. Johnson, 120 F.3d 551, 562 (5th Cir. 1997). Rather, petitioner must show that the evidence reasonably would have cast the entire case in a different light so as to undermine confidence in the verdict. Kyles v. Whitley, 514 U.S.

15

419, 434-35 (1995).

In this case, petitioner has not shown that any evidence was withheld. To the extent he contends that he was not aware of the complaint, it was part of the record and petitioner has not shown that it was withheld from him. Doc. 15-3 at 11. Even if it was, the complaint simply has no relevance as petitioner was tried based on the indictment returned against him. Id. at 6-7. The appellate court has already explained why the argument about the difference between the complaint and the indictment lacks merit. Roberson, 2018 WL 651219. See also Johnson v. State, 541 S.W.2d 619, 620 (Tex. Crim. App. 1976), overruled on other grounds, 611 S.W.2d 87 (Tex. Crim. App. 1981); Johnson v. State, No. C14-85-738-CR, 1987 WL 7360, at *1 (Tex. App.—Houston [14th Dist.] Mar. 5, 1987, pet. ref'd).

Petitioner's second ground addresses alleged ineffective assistance of counsel. The record reflects that petitioner represented himself at trial and that his decision to do so was voluntary, knowing, and competent. See Roberson, 2018 WL 651219, at *5. His allegations are conclusory in any event and fail to state a claim. Koch v. Puckett, 907 F.2d 524, 529 (5th Cir. 1990). He has not alleged any facts to support the claim that his counsel's performance was deficient and that the deficient performance prejudiced his defense. Strickland, 466 U.S. at 687.

16

Petitioner's third ground was presented to the Court of Criminal Appeals and rejected. He has made no attempt to show that the rejection of this ground was contrary to, or an unreasonable application of, clearly established federal law. 28 U.S.C. § 2254(d).

Petitioner's fourth ground is nothing but conclusory allegations regarding the alleged deficiency of the indictment. He does not identify any federal constitutional defect. "The sufficiency of a state indictment is not a matter for federal habeas relief unless it can be shown that the indictment is so defective that it deprives the state court of jurisdiction." McKay v. Collins, 12 F.3d 66, 68 (5th Cir. 1994)(citing Branch v. Estelle, 631 F.2d 1229 (5th Cir. 1980)). And, whether a defective state indictment confers jurisdiction on the state trial court is a matter of state law. Id. at 69. This court defers to the state court's interpretation of its own law. Id. The court of appeals found that the indictment was sufficient and that the trial court did not err in denying petitioner's motion to quash. Roberson, 2018 WL 651219, at *3. The Court of Criminal Appeals refused discretionary review. Petitioner has failed to show that he is entitled to proceed with this ground.

In his final ground, petitioner argues that he was convicted of an offense neither charged nor presented to a jury.

Doc. 1 at 8. He seems to urge that he was really guilty of theft and that he could not have been convicted of criminal mischief. The record reflects that petitioner was indicted for criminal mischief, tried for criminal mischief, and convicted of criminal mischief. The indictment was appropriate and petitioner received all of the process he was due. He has not shown otherwise.

V.

Order

For the reasons discussed,

The court ORDERS that petitioner's petition for writ of habeas corpus be, and is hereby, dismissed as untimely.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as petitioner has not made a substantial showing of the denial of a constitutional right.

SIGNED May 13, 2022.

JOHN McBRYDE
Senior United States District Judge

18